IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CV-510-FL

| | | |
|---|---|---|
| AMELIA KINARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for lack of jurisdiction and for failure to state a claim. (DE 7). Plaintiff did not respond, and the time for response has expired. In this posture, the issues raised are ripe for ruling. For the following reasons, the motion is granted.

## STATEMENT OF THE CASE

Plaintiff commenced this action on November 19, 2021, by filing a summons and complaint for money owed in Wake County district court, small claims division, naming the United States Postal Service and Ricky Reynolds as defendants. Plaintiff asserts that her truck was illegally towed from an employee parking lot on November 24, 2020. (DE 1-1 at 3). She alleges there was "nothing posted to state how to park in the employee parking lot" and that "Ricky Reynolds of the U.S. Postal Service . . . authorized and signed for East Coast Towing to tow [her] vehicle without notifying [her]." (Id.) Plaintiff claims that her truck sustained damage to its transmission when it was towed, and she seeks $2,037.00 in damages.

Defendant filed a notice of removal on December 13, 2021, pursuant to 28 U.S.C. § 1446(d), on the basis that the action is against an agency of the United States and an employee of the United States acting in the course and scope of their employment.  On the same date, defendant filed a certification of scope of employment and substitution of United States of America as defendant.

Defendant filed the instant motion on January 14, 2022, on two grounds.  First, defendant argues that the complaint must be dismissed for lack of subject matter jurisdiction on the basis of the doctrine of derivative jurisdiction.  Second, defendant argues that the complaint must be dismissed for failure to state a claim, because plaintiff fails to allege facts suggesting that any federal employee breached a duty of care.  Plaintiff did not respond.

## COURT'S DISCUSSION

Dismissal in this case is required due to lack of subject matter jurisdiction.  In a case removed under § 1442, as here, "[t]he application of the derivative jurisdiction doctrine affects a district court's jurisdiction over the case." Palmer v. City Nat. Bank, of W. Virginia, 498 F.3d 236, 246 (4th Cir. 2007). Under this doctrine, if "the state court did not possess jurisdiction over [the] claim against the federal defendants, . . . the district court did not gain proper jurisdiction of the claim upon its removal." Id.

Here, where plaintiff's claim sounds in tort, and is based upon acts or omissions of federal employee(s) acting in the scope of their employment, the claim may only be brought pursuant to the Federal Tort Claims Act ("FTCA").  See 28 U.S.C. § 1346(b), 2671-2680.  State courts lack jurisdiction over tort claims against the United States.  See 28 U.S.C. 1346.  Therefore, this court lacks jurisdiction under the doctrine of derivative jurisdiction, and plaintiff's claim must be

dismissed without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

In addition, and in the alternative, plaintiff's claim must be dismissed for failure to state a claim upon which relief can be granted. Under the FTCA, a plaintiff must allege damages caused by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. 2675(a). Here, plaintiff has not alleged facts suggesting that any federal employee breached a duty of care owed to plaintiff, or that plaintiff's damages were caused by such breach, if any. Therefore, plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 7) is GRANTED. Plaintiff's claim is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). The clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of February, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge